# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

ALICIA J. LINDSEY,

    Plaintiff,

v.                                             Case No. 15:2587

SHELBY COUNTY BOARD OF EDUCATION
a/k/a SHELBY COUNTY SCHOOLS

    Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS IN PART

Defendant, Shelby County Board of Education a/k/a Shelby County Schools ("Defendant SCS"), hereby submits this Memorandum in Support of its Motion to Dismiss Count 3 of Plaintiff's Complaint. Defendant SCS hereby moves this Court to dismiss Plaintiff's claim of retaliatory discharge under the Tennessee Public Protection Act, T.C.A. § 50-1-304 ("TPPA") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, this Court should dismiss Plaintiff's TPPA claim because: (1) Plaintiff fails to allege that Defendant SCS engaged in any "illegal activity" within the meaning of the TPPA; and (2) Plaintiff fails to allege that she ever reported any alleged "illegal activity" of Defendant SCS within the meaning of the TPPA.

### I.    SUMMARY OF FACTS AS PLEADED IN COMPLAINT[1]

Plaintiff's Complaint contains five counts—identified in the Complaint as follows: (1) racial discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981; (2) racial

---

[1] Pursuant to the standard of review applicable to Rule 12(b)(6) motions to dismiss, the facts stated herein are taken from Plaintiff's Complaint and are accordingly asserted as stated herein for purposes of this Motion **only**. Defendant reserves the right to dispute these facts at a later time.

and gender discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment via 42 U.S.C. § 1983 and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*; (3) retaliatory discharge under the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304; and (4) violation of the Public Employee Political Freedom Act of 1980, Tenn. Code Ann. § 8-50-601 *et seq*.

Plaintiff alleges with respect to her TPPA claim that Defendant SCS violated two of its policies. Namely, Plaintiff alleges that Defendant SCS violated Policy No. 2012 ("Contract Requirements, Approval and Signatory Authority") and Policy No. 2006 ("Purchasing Authority") when approving an appropriation for Durham School Services, L.P. ("Durham") to provide transportation services for students. *See Plaintiff's Complaint ("Compl.") at ¶¶ 10-18,* She further alleges that she reported Defendant SCS's alleged policy violations to Chris Caldwell, an SCS Board member, in March 2015 and that "[f]rom the time [she] informed Mr. Caldwell of the issues regarding the Durham contract in March 2015 until her termination by SCS, Mr. [Dorsey] Hopson, [SCS's Superintendent], he treated her differently than he had treated her previously" *Id. at ¶¶ 28-29, 42.*

Plaintiff further asserts that Defendant SCS unlawfully terminated her employment on July 9, 2015 "solely as a result of [her] refusal to participate in and/or remain silent about illegal activities, which constitutes a retaliatory discharge in violation of the [TPPA], TENN. CODE ANN. § 50-1-304." *Id*. at ¶ 57.

## II.     ARGUMENT

### A.     Standard for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of any complaint that fails to state a claim upon which relief can be granted. *Southeast Texas Inns, Inc.*

*v. Prime Hospitality Corp.*, 462 F.3d 666, 672 (6th Cir. 2006). A motion to dismiss for failure to state a claim under Rule 12(b)(6) is a procedural motion that tests the sufficiency of the complaint. *See Conley v. Gibson,* 355 U.S. 41, 44-48 (1957). The Supreme Court has changed the standards for deciding Rule 12 motions for failure to state a claim, clarifying that a plaintiff must plead sufficient facts to state a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The prior standard (*i.e.*, a complaint should not be dismissed for failure to state a claim "unless it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") has been specifically rejected by the courts. *Id.* at 562-570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 670 (2009).

Post-*Twombly,* a Rule 12 motion for failure to state a claim must be granted if the complaint does not plead "enough facts to state a claim for relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Courts now reject complaints that simply recite labels and conclusions, without providing anything more. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need to have detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief ***requires more than labels and conclusions***, and ***a formulaic recitation of the elements of a cause of action will not do***." *Twombly,* 550 U.S. at 555 (emphasis added). Accordingly, although the court must take "all well-pleaded material allegations of the pleadings" as true when considering a motion to dismiss under Rule 12(b)(6), "a legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Twombly*, 550 U.S. at 555 n.3. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 545. As such, the Court determines whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In *Iqbal,* the Court clarified its post-*Twombly* pleading standard by explaining that Rule 12 requires a two-pronged approach. *Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."). First, the reviewing court should determine what allegations within the complaint can be classified as "legal conclusions" and disregard them for purposes of deciding the motion. *Id.* at 678-79. Second, the court should evaluate the remaining portions of the complaint—*i.e.,* the well-pleaded facts—and ascertain whether those facts give rise to a claim that is "plausible." *Id.* at 679.[2]

**B. Plaintiff Has Failed to State a TPPA Claim and that Claim Should Be Dismissed.**

The TPPA creates a cause of action for retaliatory discharge by providing that "no employee shall be discharged or terminated solely for refusing to participate in, or refusing to remain silent about, illegal activities." TENN. CODE ANN. § 50-1-304(b). The TPPA defines "illegal activities" as "activities that are in violation of the criminal or civil code of this state or

---

[2] As the Courts of this District have observed, "A plaintiff with no facts and 'armed with nothing more than conclusions' cannot 'unlock the doors of discovery.'" *TreadmillDoctor.com v. Johnson,* 2011 WL 1256601, *3 (W.D. Tenn., Mar. 31, 2011) (quoting *Iqbal,* 129 S.Ct. at 1950). Indeed, the fact that discovery is expensive was a specific rationale cited by the *Twombly* Court when holding that complaints failing to raise a right to relief beyond a speculative level do not state a claim. *See Twombly,* 550 U.S. at 546 (reasoning that "discovery can be expensive"). As one recent commentary observed, "the expanding use of electronic data storage has exponentially increased discovery costs … The public policy behind the Supreme Court's interpretation of federal pleading standards, in a nutshell, is that such tremendous cost outlays must be justified by something more than a plaintiff's 'bare assertions' of harm." Victor E. Schwartz and Christopher E. Appel, *Rational Pleading in the Modern World: the Lessons and Public Policy Benefits of Twombly and Iqbal,* 33 Harv. J.L. & Pub. Pol'y 1107, 1141 (2010) (emphasis added) (citations omitted). The cost of discovery can now be tremendous, especially in employment lawsuits asserting class or collective claims. It is specifically because of this reality that *Twombly* requires a complaint to transcend a speculative level before forcing a defendant to spend vast sums on discovery when a pleading does not provide fair notice of the factual basis for its claims. *See Twombly,* 550 U.S. at 555.

4

the United States or any regulation intended to protect the public health, safety or welfare." *Id.* § 50-1-304(a)(3).

To state a claim under the TPPA, Plaintiff must establish that: (1) plaintiff was an employee of the defendant; (2) plaintiff refused to participate or remain silent about illegal activity; (3) defendant terminated the plaintiff's employment; and (4) defendant terminated the plaintiff's employment solely for the plaintiff's refusal to participate in or remain silent about the illegal activity. *See Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 27 (Tenn. 2011).

Plaintiff's TPPA claim fails because the factual allegations in the Complaint do not establish the second element: that Plaintiff refused to participate or remain silent about illegal activity. More particularly, the Complaint fails to allege either that: (1) Defendant engaged in any "illegal activity" within the meaning of the TPPA; or (2) Plaintiff ever reported any alleged "illegal activity" of Defendant within the meaning of the TPPA in a manner that satisfied the TPPA's reporting requirement. Instead, Plaintiff has simply recited the elements of a TPPA claim in a formulaic manner, a practice that is precluded and patently insufficient to survive a 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 555.

### 1. Plaintiff Does Not Allege Any "Illegal Activity" Within the Meaning of the TPPA.

As noted above, the term "illegal activities" under the TPPA means "activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare." TENN. CODE ANN § 50-1-304(a)(3). The Complaint conspicuously fails to identify any provision of federal or state civil or criminal law that the Defendant allegedly violated. Similarly, and most fatal to Plaintiff's TPPA claim, she

5

3611158v.1
3624216v.1

fails to identify any regulation intended to protect the public health, safety, or welfare that Defendant allegedly violated. *See Hollis v. Extra Space Mgmt. Inc.*, 2014 WL 7156637 (M.D. Tenn. Dec. 15, 2014) (dismissing TPPA claim where plaintiff had failed to "cite any statute or regulation which prohibits the alleged illegal activity she reported).

In lieu of asserting factual allegations that would give rise to a viable cause of action under the TPPA, Plaintiff has simply asserted that Defendant violated Board Policy Nos. 2012 and 2006. To state the obvious, these policies are not part of the civil or criminal code of Tennessee or the United States. Nor are they "regulations," much less regulations "intended to protect the public health, safety, or welfare." *See Sacks v. Jones Printing Co., Inc.*, 2006 WL 686874, at *5 (E.D. Tenn. Mar. 16, 2006) (granting summary judgment on TPPA claim where court found that complained of — former employer's alleged failure to install a certain ventilation system — may have violated an OSHA regulation, but not one that was intended to protect the health, safety, or welfare of the general public). As such, on the face of Plaintiff's complaint, even when viewed in a light most favorable to the Plaintiff, she has simply failed to allege any "illegal activities" within the meaning of the TPPA. *See Hastings v. Remarketing Solutions, Inc.*, 316 Fed. App'x 488, 489-90 (6th Cir. 2009) (affirming district court's dismissal of TPPA claim where plaintiff, former in-house attorney, who alleged that he was fired for refusing to commit fraud had not pled facts plausibly suggesting that employer's act of asking him to unilaterally insert effective date into a contract he reviewed constituted fraud); *Gibson-Holmes v. Fifth Third Bank*, 661 F. Supp.2d 905, 912 (W.D. Tenn. 2009) (granting summary judgment on TPPA claim where plaintiff failed to show that defendant had engaged in any illegal activities or that she had complained about any illegal activities).

6
3611158v.1
3624216v.1

Moreover, the Tennessee Supreme Court and the Sixth Circuit have imposed the additional requirement that any such violations of law *also* "implicat[e] important public policy concerns" to qualify as "illegal activities" under the TPPA. *See Hastings*, 316 Fed. App'x at 489 (noting that "a necessary element to sustain recovery under . . . the TPPA" is that the alleged illegal activity at issue also implicate important public policy concerns) (citing *Guy v. Mutual of Omaha Ins. Co.*, 79 S.W.3d 528, 538 (Tenn. 2002)). Even if Plaintiff had alleged sufficient facts to establish any "illegal activities" within the meaning of the TPPA (which she has not), it is far from clear that such activities would implicate important public policy concerns, as also required to survive dismissal. *See, e.g., Hastings,* 316 Fed. App'x at 489-90 (agreeing with district court that plaintiff had not established either that his former employer had committed any illegal activities or that any such activities involved any public policy concern); *Franklin v. Swift Transp. Co.*, 210 S.W.3d 521, 530-33 (Tenn. App. 2006) (dismissal of TPPA claim appropriate where state Department of Safety regulation that plaintiff alleged he was fired for refusing to violate did not implicate a fundamental public policy concern).

As such, Plaintiff's TPPA claim should be dismissed pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 2. Plaintiff Does Not Allege That She Ever Reported Any Illegal Activity in a Manner That Satisfied the TPPA's Reporting Requirements.

Equally fatal to Plaintiff's claim is her failure to allege any facts showing that she made a "report" that satisfied the TPPA. The Tennessee Supreme Court has explained that to state a cognizable TPPA whistleblower claim, an employee must report the alleged illegal activity to someone other than the wrongdoer. *See Haynes v. Formac Stables, Inc.*, 463 S.W.3d 34, 37-40

7
3611158v.1
3624216v.1

(Tenn. 2015). Plaintiff alleges that Defendant retaliated against her because she reported Defendant's alleged policy violations to Mr. Caldwell. *See Compl*. at *¶¶ 28-29, 42*. Defendant is the Shelby County Board of Education; Mr. Caldwell is a member of the Board. Put simply, Plaintiff merely reported Defendant's alleged activity to Defendant.

Thus, Plaintiff's report does not satisfy the TPPA, because she did not report Defendant's alleged policy violation to anyone *other than* Defendant, the alleged wrongdoer. *See Haynes*, 463 S.W.3d at 38-40. In *Haynes*, the court affirmed the dismissal of a TPPA claim for failure to state a claim where the plaintiff did not report the illegal activity at issue to anyone other than the wrongdoer. The same result is appropriate here.

### III. CONCLUSION

Because the allegations in the Complaint do not plausibly suggest either that Defendant engaged in any illegal activity or that Plaintiff made any reports of such illegal activity to anyone other than Defendant itself, her TPPA claim fails as a matter of law. As such, the Complaint necessarily fails to state a claim upon which relief can be granted under the TPPA. The Court therefore should dismiss the TPPA claim with prejudice.

Dated: October 21, 2015                                Respectfully submitted,

                                        */s/ Rodrick D. Holmes*
                                        Rodrick D. Holmes (TN Bar No. 24501)
                                        rholmes@constangy.com
                                        Constangy, Brooks, Smith & Prophete, LLP
                                        1661 International Drive, Suite 400
                                        Memphis, Tennessee 38120
                                        PH: (901) 818-3060

                                        **COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

      I certify that on the 21st day of October 2015, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following Counsel of Record for Plaintiff:

      Donald A. Donati
      Bryce W. Ashby
      Drew Davis
      Donati Law, PLLC
      1545 Union Avenue
      Memphis, TN 38104

                                        */s/ Rodrick D. Holmes*
                                        Rodrick D. Holmes

3611158v.1
3624216v.1