UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ALICIA J. LINDSEY,

    Plaintiff,

v.     Case No. 15-cv-2587-JTF-dkv

SHELBY COUNTY BOARD OF EDUCATION,
a/k/a SHELBY COUNTY SCHOOLS,

    Defendant.

---

### PLAINTIFF'S MOTION TO AMEND PRETRIAL ORDER

---

Plaintiff, Alicia Lindsey, moves the Court to amend the previously entered Pretrial Order by adding two exhibits to the list of Plaintiff's potential exhibits for use at trial and by supplementing the exhibits Plaintiff relies upon for damages calculations. In support, Plaintiff states as follows:

### I. FACTUAL BACKGROUND

1. On October 18, 2018, the parties submitted a proposed joint pretrial order.

2. This order has yet been entered by the Court.

3. On March 22, 2019, Plaintiff filed its Supplemental Rule 26(a)(3) Pretrial Disclosures adding two potential exhibits: (1) an audio recording of a May 14, 2015 conversation between Plaintiff and Trinette Small and (2) an audio recording of a May 14, 2015 conversation between Plaintiff, Trinette Small, and Dorsey Hopson. (Dkt. 213).

4. On March 29, 2019, Defendant deposed Plaintiff about these recordings.

5.     Plaintiff asks permission to add these Exhibits to Exhibit A of the proposed pretrial order as Exhibits 138 and 139.  Plaintiff has consulted with counsel for Defendant on this request for relief, and Defendant opposes the addition of these exhibits.

6.     As more than five months have passed between the date for the last scheduled trial and this upcoming trial date, Plaintiff also seeks to supplement the exhibits for calculations of her damages PLT SUPP 118-130.  Plaintiff has consulted with counsel for Defendant on this request for relief, and Defendant does not object to this supplementation.

7.     The final pretrial conference is set for Tuesday, April 9, 2019.  (Dkt. 214).

## II. LAW AND ARGUMENT

The Court has broad discretion to modify a pretrial order.  <u>Jones v. Potter</u>, 488 F.3d 397, 411 (6th Cir. 2007).  After a pretrial conference has been held, the court may modify a pretrial order only to prevent manifest injustice.  Fed. R. Civ. P. 16(e).  Prior to the entry of the final pretrial order, however, the standard for modification is simply a showing of "good cause."  Fed. R. Civ. P. 16(b)(4); <u>see</u> <u>Petersen v. Elmhurst Anesthesiologists, P.C.</u>, 1993 U.S. Dist. LEXIS 14015, at *13-15 (N.D. Ill. Sept. 30, 1993).

Here, a pretrial conference was held on October 19, 2018.  (Dkt. 183).  Thereafter and following the granting of Defendant's motion for reconsideration of the Court's ruling on Summary Judgment, the Court granted Plaintiff's motion for a continuance. (Dkt. 194).  The Court then set a new trial date for April 22, 2019.  (Dkt. 197).

On February 22, 2019, the Court granted Plaintiff's motion for reconsideration of its earlier order dismissing Plaintiff's claim under PEPFA.  (Dkt. 209).  Thereafter, Defendant noticed an evidentiary deposition of Melanie Purcell. In order to assist counsel in preparation for the deposition, Plaintiff listened to an audio recording of Ms. Purcell that was previously produced in

discovery and discovered the two proposed exhibits. Plaintiff's counsel promptly produced the audio recordings to counsel for Defendant. After notifying opposing counsel, Defendant then took the deposition of Plaintiff regarding these proposed exhibits. Accordingly, there is no prejudice to Defendant as it has had a full opportunity to question Plaintiff with regards to the recordings. As such, Plaintiff has demonstrated good cause and asks the Court to modify the submitting joint pretrial order to add these two exhibits prior to entering the final pretrial order.

Plaintiff also seeks to supplement the exhibits that will be used for calculation of back pay damages, which is necessary because of the continuance of the last trial date. Defendant does not oppose the supplementation of these exhibits—PLT SUPP 0118-0130. Accordingly, the Court should grant Plaintiff's motion.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests to add (1) an audio recording of a May 14, 2015 conversation between Plaintiff and Trinette Small and (2) an audio recording of a May 14, 2015 conversation between Plaintiff, Trinette Small, and Dorsey Hopson as identified in its Supplemental Pretrial Disclosures as Exhibits 138 and 139 to Exhibit A of the proposed pretrial order. Plaintiff also asks to supplement her backpay damage calculations and accompany exhibits—PLT SUPP0118-0130.

Respectfully submitted,

/s/ Bryce Ashby
Donald A. Donati, TN Bar #8633
William B. Ryan, TN Bar #20269
Bryce W. Ashby, TN Bar #26179
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
901-278-1004
don@donatilaw.com
bryce@donatilaw.com
billy@donatilaw.com

Attorneys for Plaintiff

**CERTIFICATE OF CONSULTATION**

On April 2, 2019, counsel for Plaintiff consulted with counsel for Defendant in a good faith effort to resolve by agreement the issues raised in this motion. As noted above, Defendant opposes Plaintiff's motion as to the addition of the two recordings, but not as to the supplementation of the exhibits related to damages.

/s/ Bryce Ashby